UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
MARIA CALDERON, *pro se*,  :
 :
                Plaintiff,  : **MEMORANDUM AND ORDER**
 : 12-CV-1167 (DLI) (JO)
                -against-  :
 :
EVERGREEN OWNERS, INC.; VISION  :
ENTERPRISES MANAGEMENT CORP.,  :
D/B/A VISION ENTERPRISES COMPANY;  :
EVERGREEN ASSOCIATES,  :
 :
                Defendants.  :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

On March 6, 2012, *pro se* plaintiff Maria Calderon ("Plaintiff") brought this action challenging, *inter alia*, her eviction from an apartment located at 37-21 80th Street in Jackson Heights, Queens. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purposes of the Order. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

**I.   Background**

On September 20, 1996, Plaintiff was evicted from her rent stabilized apartment where she resided for over 30 years. (Compl. at 9.) Plaintiff alleges that, in December 1993, she began complaining to her landlord, Evergreen Associates, about the conduct of her downstairs neighbors, which included the alleged use of "illegal drugs." (*Id.* at 1-2.) Plaintiff also complained to her landlord that she developed physical ailments as a result of being exposed to marijuana smoke. (*Id.* at 3.) On November 28, 1994, Plaintiff received a notice from the landlord terminating her lease. (Compl. at 5; Ex. 2, annexed to Plaintiff's Complaint.)

Plaintiff refused to vacate the apartment and a holdover proceeding was held in the Civil Court of the City of New York, Queens County. On May 8, 1995, possession of Plaintiff's apartment was awarded to the landlord. Plaintiff appealed the decision and the Supreme Court of the State of New York, Appellate Term, 2nd and 11th Judicial Districts, affirmed the decision. (*See* Ex. 5, annexed to Plaintiff's Complaint.)

On May 14, 1998, Plaintiff initiated a tort and contract action in New York Supreme Court, Kings County, against the owner and manager of her former apartment building alleging, *inter alia*, that their negligence caused her to develop physical ailments. After a jury trial, defendants were found negligent and Plaintiff was awarded $175,000.00. (Compl. at 10-21.) Defendants appealed and by Order dated February 9, 2010, the Supreme Court, Appellate Division, reversed the judgment in favor of the defendants and held that "there was no rational process by which the jury could find that the defendants' negligence caused [plaintiff's] medical conditions[.]" *Calderon v. Evergreen Owners, Inc.*, 70 A.D. 3d 742, 743 (2d Dep't 2010).

On March 4, 2010, Plaintiff requested leave from the New York State Court of Appeals to appeal the decision entered by the Supreme Court, Appellate Division and, on May 4, 2010, the Court of Appeals denied that request. (Compl. at 23; Ex. 8, annexed to Plaintiff's Complaint.) On July 14, 2010, Plaintiff filed a petition for *writ of certiorari* before the Supreme Court of the United States seeking review of the Appellate Division's reversal of judgment. (*Id.* at 24; Ex. 9, annexed to Plaintiff's Complaint.) On October 4, 2010, the Supreme Court denied the petition. (*Id.*) On October 29, 2010, Plaintiff filed a petition for a rehearing, which the Supreme Court denied on November 29, 2010. (Compl. at 25; Ex. 9, annexed to Plaintiff's Complaint.) On December 18, 2010, Plaintiff filed a motion for re-argument before the New York State Court of Appeals. (*Id.* at 26; Ex. 10, annexed to Plaintiff's Complaint.) On March

29, 2011, The Court of Appeals denied the motion for re-argument. (*Id.*) Plaintiff now brings the instant action to: 1) challenge her eviction; and 2) re-assert the same tort and contract claims that resulted in a judgment in her favor in New York Supreme Court, Kings County, but which judgment was subsequently reversed by the Appellate Division. Thus, Plaintiff in effect asks this court to review and reject judgments previously rendered by courts of the State of New York.

## II. Legal Standard

In reviewing Plaintiff's complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, a plaintiff who seeks to bring an action in federal court must establish that the court has subject matter jurisdiction over the action. *See Kheyn v. City of New York*, 2010 WL 3034652, at *1 (E.D.N.Y. Aug. 2, 2010) (citation omitted).

## III. Discussion

The complaint is dismissed as it fails to invoke this court's subject matter jurisdiction. It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (internal quotation

3

marks and citation omitted). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F. 3d 137, 143 (2d Cir. 2009) (internal quotation marks and citation omitted). Moreover, "[i]f subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant*, 565 F. 3d at 62-63 (citation omitted).

A plaintiff properly invokes § 1332 diversity jurisdiction "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing § 1332(a)). The instant case lack diversity jurisdiction as Plaintiff and defendants are all alleged to be citizens of the State of New York. (*See generally* Compl.)

Where diversity of citizenship is lacking, "it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31–32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)).

Here, although the court is sympathetic to the eviction of an elderly, rent stabilized tenant, it is well settled that the court lacks subject matter jurisdiction over state eviction proceedings or other landlord-tenant matters. *See Rosen v. North Shore Towers Apartments, Inc.*, 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011) (federal court lacks jurisdiction over eviction proceedings); *Kheyn*, 2010 WL 3034652, at *2 (the landlord-tenant relationship is

fundamentally a matter of state law); *see also Torres v. City of New York*, 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home").

In addition, this action is barred by the *Rooker–Feldman* doctrine, which provides "that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[.]" *Hoblock v. Albany County Bd. of Elections*, 422 F. 3d 77, 84 (2d Cir. 2005). The Second Circuit has set forth four requirements that must be met for the *Rooker–Feldman* doctrine to apply, and, thereby, bar an action: 1) the federal-court plaintiff must have lost in state court; 2) the plaintiff must be complaining of injuries caused by a state-court judgment; 3) the plaintiff must be inviting district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F. 3d at 85.

Here, Plaintiff's complaint satisfies all four factors for the application of the *Rooker–Feldman* doctrine: 1) Plaintiff lost in state court; 2) she complains of the injuries caused by the Appellate Term's affirmance of her eviction and the Appellate Division's reversal of judgment; 3) Plaintiff asks this court to review and reject the determinations and judgments of the state court; and 4) the state-court judgments in question were rendered before this action was commenced. Accordingly, this court lacks subject matter jurisdiction over Plaintiff's complaint.

**IV. Dismissal with Prejudice**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when

amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's submission that she does not have any possibility of asserting a valid claim. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, the complaint is dismissed for lack of subject matter jurisdiction. FED.R.CIV.P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
July 23, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge